United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOBSON, | No. C 07-5832 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ROSANNE CAMPBELL, warden, | |
| Respondent. | |

## INTRODUCTION

Timothy Hobson, an inmate at the Mule Creek State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court.

## BACKGROUND

Hobson states in his petition that he was convicted in Santa Clara County Superior Court of nine counts of lewd and lascivious acts on a child under 14, See Cal. Penal Code § 288(a), and was found to have suffered 10 prior convictions. On June 16, 2005, he was sentenced to 225 years to life in prison. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts two claims. First, Hobson contends that his sentence of 225 years to life amounts to cruel and unusual punishment, in violation of his Eighth Amendment rights. Second, Hobson contends that his sentence violates due process in that it is in excess of that allowed by state law because the Three Strikes law does not authorize consecutive 25-to-life terms. Liberally construed, the claims are cognizable in federal habeas and warrant a response. See Solem v. Helm, 463 U.S. 277, 303 (1983); Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), cert. denied, 488 U.S. 926, and cert. denied, 488 U.S. 981 (1988).

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 9, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the

1 | answer a copy of all portions of the court proceedings that have been previously transcribed and
2 | that are relevant to a determination of the issues presented by the petition.

     4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 13, 2008**.

     5.     Petitioner's in forma pauperis application is GRANTED.   (Docket # 2, # 4.)

IT IS SO ORDERED.

DATED: March 3, 2008

                                       SUSAN ILLSTON
                                  United States District Judge