1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  DORIAN JUNG
   Deputy Attorney General
6  State Bar No. 200116
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-7004
    Telephone: (415) 703-1342
8   Fax: (415) 703-1234
    Email: dorian.jung@doj.ca.gov
9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TIMOTHY HOBSON,** | C 07-5832 SI (PR) |
| Petitioner, | |
| v. | |
| **ROSANNE CAMPBELL, Warden,** | |
| Respondent. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | DORIAN JUNG
Deputy Attorney General
6 | State Bar No. 200116
  455 Golden Gate Avenue, Suite 11000
7 |   San Francisco, CA 94102-7004
  Telephone: (415) 703-1342
8 |   Fax: (415) 703-1234
  Email: dorian.jung@doj.ca.gov
9 | Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TIMOTHY HOBSON,**<br><br>                Petitioner,<br><br>   v.<br><br>**ROSANNE CAMPBELL, Warden,**<br><br>                Respondent. | C 07-5832 SI (PR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |

**STATEMENT OF THE CASE**

On June 14, 2005, the District Attorney of Santa Clara County filed an amended information charging petitioner Timothy Hobson with nine counts of committing a lewd and lascivious act on a child under the age of 14, in violation of Cal. Penal Code § 288(a). CT 134-41.[1/] The information further alleged that petitioner had suffered 10 prior strike convictions within the meaning of Cal. Penal Code §§ 667(b)-(i) & 1170.12. CT 141-44.

---

1. "CT" denotes the Clerk's Transcript on Appeal, lodged with the answer as Exh. A. "RT" denotes the Reporter's Transcript of Trial Proceedings, lodged with the answer as Exh. B.

Memorandum Of Points And Authorities In Support Of Answer To Petition For Writ Of Habeas Corpus - *Hobson v. Campbell* - C 07-5832 SI (PR)

1

On June 16, 2005, a jury convicted petitioner on all nine counts. CT 192-200. In a bifurcated proceeding, the court found the 10 prior strike allegations to be true. CT 304.

On October 24, 2005, the court heard and denied petitioner's motion to dismiss the prior strike convictions. 2 CT 332. Pursuant to the "Three Strikes" law (Cal. Penal Code, §§ 667(b)-(i) & 1170.12), the court sentenced petitioner to state prison for the total indeterminate term of 225 years to life. CT 332-34. Petitioner appealed. CT 338.

On October 27, 2006, the California Court of Appeal affirmed petitioner's conviction. Exh. F.

On November 27, 2006, petitioner filed a petition for review. Exh. G. On January 8, 2007, the California Supreme Court issued an order denying the petition. Exh. H.

On November 16, 2007, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.

**STATEMENT OF FACTS**

Respondent takes the following statement of facts from the opinion of the California Court of Appeal:

> The facts of the underlying offenses are not in dispute and will be described only briefly. Beginning in January or February 2004, 13-year-old Stephen began going to defendant's motor home, which was parked behind a church, to help move boxes and clean the motor home. Defendant and Stephen's mother worked together, and all attended the same church. Defendant offered Stephen a massage and had him remove his shirt. Nothing sexual occurred that day, but Stephen went back a week later to help defendant again, and during another massage, defendant touched Stephen's penis and buttocks. Over the course of the next several months, this relationship continued. Defendant masturbated himself and Stephen, orally copulated the boy and directed him to do the same, and had anal intercourse at least twice.
>
> In May 2004, Stephen told his pastor's wife that defendant had molested him at least seven times in his motor home. This was reported to the police, and officers interviewed Stephen. He told them that the defendant put his mouth on his penis, forced him to put his mouth on defendant's penis, and put his penis in the boy's anus. The victim reported witnessing defendant ejaculate approximately 10 times. Defendant orally copulated the victim approximately 10 times beginning in January or February 2004 when he was 13 years old.
>
> The police had Stephen initiate a recorded telephone call to defendant who had gone to Tennessee. In the telephone call, defendant admitted having sexual contact with the victim. When the police contacted defendant in Tennessee, he admitted a sexual relationship with the boy and said he moved away because he feared the boy was falling in love with him. Defendant further admitted that over his life, he had molested more than

Memorandum Of Points And Authorities In Support Of Answer To Petition For Writ Of Habeas Corpus - *Hobson v. Campbell* - C 07-5832 SI (PR)

2

    100 boys, preferring those under the age of 17. When defendant was arrested on August 11, 2004, in Tennessee, he was in possession of four negatives of sexually explicit photographs.

Exh. F at 2-3.

## STANDARD OF REVIEW

Habeas corpus review in this case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), by which "Congress placed a new restriction on the power of the federal courts to grant writs of habeas corpus to state prisoners." *Williams v. Taylor*, 529 U.S. 362, 399 (2000). The AEDPA prohibits relief on federal constitutional claims unless the state ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-13. The test is objective, and an unreasonable application is not merely incorrect or erroneous. *Id.* at 410-11. A "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

"It is not enough that a federal habeas court, in its independent review of the legal question is left with a firm conviction that the state court was 'erroneous.'" *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation and edits omitted). Even a showing of "clear error" falls short of the established standard of objective unreasonability. *Id.* Where the state court denies relief without a reasoned opinion, the federal habeas court does not review the claim de novo, but does "perform

Memorandum Of Points And Authorities In Support Of Answer To Petition For Writ Of Habeas Corpus - *Hobson v. Campbell* - C 07-5832 SI (PR)

3

1  an 'independent review of the record' to ascertain whether the state court decision was objectively
2  unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  Also, state court factual
3  determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C.
4  § 2254(e)(1).  The petitioner bears the burden of showing that the state court's decision was
5  unreasonable. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).
6       Even if the state court's ruling is contrary to or an unreasonable application of Supreme
7  Court precedent, that error justifies overturning the conviction only if the error had a "substantial
8  and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S.
9  619, 637 (1993).  The *Brecht* standard applies to all § 2254 cases, regardless of the type of harmless
10 error review conducted by the state courts. *Fry v. Pliler*, 127 S. Ct. 2321, 2328 (2007).
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ARGUMENT

## I.

### THE STATE APPELLATE DID NOT UNREASONABLY APPLY CLEARLY ESTABLISHED FEDERAL LAW BY REJECTING PETITIONER'S CLAIM THAT THE "THREE STRIKES" LAW IS CRUEL AND UNUSUAL

Petitioner contends that his "present crime, while certainly serious and reprehensible, simply do[es] not warrant the draconian punishment of a 225 years to life sentence." Petn. at 6. The state appellate court did not unreasonably reject this claim. After examining Supreme Court precedent, the state court reached the following conclusion:

> Defendant here argues that while his crimes may have been serious and involved reprehensible conduct, the draconian sentence imposed is disproportionate to the harm he actually caused to the victim, in that there was no evidence of force or fear and the victim returned willingly to defendant's home each time. However, the severity of defendant's punishment is related to his status as a recidivist. Defendant had ten prior convictions for the same extraordinarily serious and reprehensible conduct. FN.5  He made a statement to police officers that over the course of his life he had molested over 100 boys.
>
> FN5. As the trial court noted in denying defendant's motion to strike his prior convictions, this type of crime may cause serious harm to the young victims for the rest of their lives.
>
> We cannot view defendant's punishment as a recidivist under the Three Strikes law as grossly disproportionate to his crime. We thus conclude that his sentence does not offend the Eighth Amendment and we need not consider further comparisons. (*Ewing*, *supra*, 538 U.S. at pp. 30-31.) This is not the rare case that requires such analysis. (*Id.* at p. 30; see also *People v. Weddle*, *supra*, 1 Cal.App.4th 1190.)

Exh. F at 6-7.

The state appellate court did not unreasonably apply clearly established federal law. In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the Supreme Court rejected the contention that Supreme Court case law in this area was of sufficient clarity to constitute "clearly established" federal law within the meaning of 28 U.S.C. § 2254(d), with the exception of "one governing legal principle," specifically: "A gross disproportionality principle is applicable to sentences for terms of years." 538 U.S. at 72. The Supreme Court further noted that the precise contours of that principle are "unclear" and "applicable only in the 'exceedingly rare' and 'extreme' case." *Id*. at 73 (citation omitted). In *Lockyer*, the petitioner was accused of stealing a total of $153 worth of videotapes from

Memorandum Of Points And Authorities In Support Of Answer To Petition For Writ Of Habeas Corpus - *Hobson v. Campbell* - C 07-5832 SI (PR)

5

two different stores. *Id.* at 66. The jury found the petitioner guilty of two counts of petty theft with a prior conviction and further found that the petitioner had suffered three prior felony convictions that qualified under California's "Three Strikes" law, specifically three counts of first degree residential burglary. *Id.* at 68. He was sentenced to 50 years to life. The Supreme Court, observing that "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," held the California Court of Appeal's affirmance of the petitioner's sentence of two consecutive terms of 25 years to life was not an unreasonable application of clearly established federal law. *Id.* at 77.

In *Ewing v. California*, 538 U.S. 11 (2003), the petitioner was accused of stealing three golf clubs, priced at $399 each; he was convicted of one count of felony grand theft, and allegations that he had been convicted previously of four felonies qualifying under California's three strikes law, specifically, one robbery and three burglaries, were found true. *Id.* at 18-19. The Supreme Court affirmed the California Court of Appeal's holding that a sentence of 25 years to life under such circumstances was not grossly disproportionate and therefore did not constitute cruel and unusual punishment under the Eighth Amendment. *Id*. at 30-31. Looking beyond the petitioner's most recent offense, Justice O'Connor's plurality opinion observed:

> When the California Legislature enacted the three strikes law, it made a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime. Nothing in the Eighth Amendment prohibits California from making that choice. To the contrary, our cases establish that "States have a valid interest in deterring and segregating habitual criminals." [Citations omitted.]

*Id.* at 25.

The California Court of Appeal's decision affirming petitioner's sentence was not an unreasonable application of the foregoing United States Supreme Court authority. The court correctly determined that petitioner's sentence of 225 years to life is not grossly disproportionate in light of his nine convictions for committing a lewd act on a child, in addition to his ten prior convictions for similar offenses against children. Accordingly, petitioner is not entitled to federal habeas relief on the instant claim.

Memorandum Of Points And Authorities In Support Of Answer To Petition For Writ Of Habeas Corpus - *Hobson v. Campbell* - C 07-5832 SI (PR)

## II.

### PETITIONER'S CLAIM THAT THE TRIAL COURT INCORRECTLY IMPOSED CONSECUTIVE SENTENCES DOES NOT STATE A COGNIZABLE FEDERAL DUE PROCESS ISSUE

Petitioner claims the state trial court incorrectly sentenced him because the "Three Strikes" law does not authorize consecutive sentences. Petn. at 6. Specifically, he contends that Cal. Penal Code § 1170.12(c)(2)(A) & (c)(2)(A)(i) makes no provision for consecutive sentences. Petitioner's Appendix A at 27-35.

Federal habeas corpus relief is not available to correct errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "Absent fundamental unfairness, federal habeas relief is not available for a state court's misapplication of its own sentencing laws." *Ely v. Terhune*, 125 F.Supp.2d 403, 411 (C.D. Cal. 2000) (holding claim that state court erred by refusing to strike prior strike conviction did not state federal question); *accord*, *Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002), *overruled on other grounds*, 538 U.S. 901 (2003). Accordingly, petitioner's claim is not cognizable on federal habeas corpus.

Assuming that petitioner's claim is cognizable, it nevertheless fails. As the state appellate court noted, petitioner's contention has been uniformly and repeatedly rejected by California state courts. *See People v. Casper*, 33 Cal.4th 38, 43 (2004) ("[T]here can be no doubt after examining the language of section 667, subdivision (c) but that consecutive sentences are required for all current felony convictions, regardless of whether a strike allegation attaches to them, if the crimes did not arise on the same occasion or under the same set of operative facts"); *People v. Ingram*, 40 Cal.App.4th 1397, 1406-07 (1995) ("Three Strikes" law "clearly and unambiguously mandates consecutive 25-years-to-life terms" for each third-strike felony not committed on the same occasion); *People v. Cartwright*, 39 Cal.App.4th 1123, 1140 (1995) (upholding term of 375 years to life based on 15 consecutive terms of 25 years to life); *People v. Thomas* (1997) 56 Cal.App.4th 396, 430-31. Petitioner's claim of sentencing error accordingly fails.

Memorandum Of Points And Authorities In Support Of Answer To Petition For Writ Of Habeas Corpus - *Hobson v. Campbell* - C 07-5832 SI (PR)

7

**CONCLUSION**

For the foregoing reasons, respondent respectfully requests that the order to show cause be discharged, and the petition be denied.

Dated: April 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Dorian Jung
DORIAN JUNG
Deputy Attorney General

Attorneys for Respondent

DJ:ma

Memorandum Of Points And Authorities In Support Of Answer To Petition For Writ Of Habeas Corpus - *Hobson v. Campbell* - C 07-5832 SI (PR)

8