```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

FILED

08 JUN -2 PM 4: 10

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY HOBSON,
    petitioner:

C 07-5832 SI (PR)

PETITIONER'S DENIAL AND EXCEPTION
TO THE RESPONDENT ANSWER.

VS.

ROSANNA CAMPBELL / WARDEN
    respondent:

  1/ Petitioner hereby enters his denial & exception to the respondent's answer in the above entitled action and states:

  2/ Respondent has fail to set forth sufficient facts or law to show cause why the relief prayed for in the petition should not be granted.

  3/ Petitioner denies generally & specifically each and every allegation of respondent's answer, which could deny petitioner the relief prayed for in the petition.

  4/ Petitioner contends by way and through the petition that he has demonstrated that his sentence of 225 years to life, violates the U.S. Constitutional prohibition against cruel and / or unusual punishment: In violation of the 8th & 14th amendment to the constitution: In support of this ground, petitioner hereby incorporates into this reply, Appellant's reply brief with memorandum of points & authorities; attached here to as exhibit -A.

  5/ Petitioner contends by way & through the petition that he has demonstrated that: The California three strikes law does not authorize consecutive terms of 25 years to life per count. Therefore petitioner's sentence is a violation of due process, as protected under the 5th & 14th

(1)

amendment of the federal constitution: In support of this ground, petitioner hereby incorporate into this reply, Appellant's reply brief with memorandum of points and authorities: attached hereto as exhibit - A.

6/ The California Supreme court adjudication of grounds 1 and 2 of the petition, resulted in a decision that is contrary to or involved an unreasonable application of clearly established federal law.

7/ This court should order an evidentiary hearing and appoint counsel.

For the reasons stated above, this court should grant the relief requested.

Dated, MAY 28 2008 .                                    T. Hobson

PROOF OF SERVICE
(C.C.P. §§ 1013 (A); 2015.5; 28 U.S.C. §1746)

I, Timothy Hobson, am over the age of eighteen (18) years, and I am a party to the within cause of action. My address is as follows:

Timothy Hobson
Mule Creek State Prison
P.O.Box-409020
Ione, California. 95640.

On, MAY 28 2008, I served the following documents: A true copy of the attached: PETITIONER'S DENIAL AND EXCEPTION TO RESPONDENT ANSWER/APPELLANT REPLY BRIEF IN SUPPORT OF..

individuals by deposing a correct copies thereof in the United States mail in Ione California with postage fully prepaid, addresses as follows:

Attorney General of California
455 GOLDEN GATE AVE STE 11000

SAN FRANCISCO CA 94102-3664

I have read the above statements and declare under the penalty of perjury of the laws of the state of California that the foregoing is true and correct.

Executed this, 28TH , day of , MAY , at Mule Creek State Prison, at Ione Ca. 95640.

(Signataure): T. Hobson

EXHIBIT - A

EXHIBIT - A

COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Plaintiff and Respondent, | H029519 |
| v. | (Santa Clara County Superior Court |
| TIMOTHY HOBSON, | No. CC462238) |
| Defendant and Appellant. | |

## ARGUMENT

### I. APPELLANT'S SENTENCE OF 225-YEARS-TO-LIFE VIOLATES CONSTITUTIONAL PROHIBITIONS AGAINST CRUEL AND/OR UNUSUAL PUNISHMENT

Appellant asserts that the 225-years-to-life sentence imposed upon him constitutes cruel and unusual punishment, as prohibited by the state and federal constitutions. (AOB 14-26.) Respondent disagrees, primarily relying upon the factor of appellant's recidivist history. (RB 6-7.)

In arguing that appellant's recidivism justifies the draconian sentence imposed upon him, respondent emphasizes a statement in the probation

1

report to the effect that appellant admitted to the police that "'he had molested more than 100 boys.'" (RB 7 [citing 2 CT 323].) In point of fact, appellant has only been convicted in a court of law of 19 counts of molestation. (Ten counts by way of his 1975 Tennessee convictions and nine counts by way of the present case.) Any statement regarding "100 boys" was not made under oath, nor was it corroborated in any way. Therefore, the legitimacy of this allegation as a sentencing factor is highly questionable.

Admittedly, one legitimate factor in a constitutional analysis of proportionality is the defendant's recidivist history. (Ewing v. California (2003) 538 U.S. 11, 25-26 [155 L.Ed.2d 108, 123 S.Ct. 1179]; In re Lynch (1972) 8 Cal.3d 410.) However, respondent ignores or glosses over the significant mitigating factors present in this case. As noted in his opening brief, appellant's offenses with respect to Stephen did not involve the employment of any fear or force. No physical injuries were inflicted. In fact, Stephen's testimony indicates that he willingly and repeatedly returned to visit appellant with the expectation that the two of them would engage in mutual sexual activities. Appellant subsequently expressed remorse for his conduct, and, in fact, said that he left California so that Stephen would not become emotionally attached to him. (1 CT 107, 111.) Likewise, there was

2

no evidence that any of appellant's Tennessee crimes were committed by means of force or violence.

At the time of sentencing, appellant submitted written character references, including one from the mayor of Milpitas, attesting to his good deeds and charitable works. (See AOB 23.) Respondent also ignores appellant's troubled social history, including appellant's childhood cleft palate and speech impairment, and appellant's history of depression, alcoholism and pain medication addiction. (See AOB 22.)

Although the commission of any sexual offense involving a minor is abhorrent, the present crimes do not possess qualities which render them "worse" than the average nonviolent lewd act involving a minor. On the basis of federal and state prohibitions against cruel and unusual punishment, appellant asks that this reviewing court reduce his sentence.

## II. THE THREE STRIKES LAW DOES NOT AUTHORIZE CONSECUTIVE TERMS OF 25-YEARS-TO-LIFE PER COUNT

Appellant argues that the Three Strikes law does not authorize consecutive terms of 25-years-to-life per count in situations, like the present, where the defendant possesses two or more prior strike convictions. (AOB 27-36.)

Respondent claims that appellant's argument is foreclosed by People v. Casper (2004) 33 Cal.4th 38. (RB 8.) That is incorrect. Although Casper dealt with the question of consecutive sentencing, Casper did not address the present question regarding whether consecutive terms in "third strike" cases are set at 25-years-to-life. In fact, Casper arose in a "second strike" situation: the defendant in that case pled guilty to 35 felony counts and faced doubled terms because he possessed one prior "strike" conviction. (People v. Casper, supra, 33 Cal.4th at 41.) (See Pen. Code, § 667, subd. (e)(1) and § 1170.12, subd. (c)(1).) Thus, Casper has no bearing on the present question of whether appellant's eight subordinate terms should be run at 25-years-to-life per term.

As respondent notes, appellant has acknowledged adverse authority

4

at the court of appeal level.[1] (See RB 8 and AOB 27, fn. 4.) However, appellant respectfully maintains that these cases were incorrectly decided and no Supreme Court decision forecloses his present argument.

    This Court is asked to reach the merits of this issue and provide relief as requested in appellant's opening brief.

---

[1] Appellant acknowledges that arguments similar to the present involving the Three Strikes law were rejected in People v. Cartwright (1995) 39 Cal.App.4th 1123, 1141-1143; People v. Ingram (1995) 40 Cal.App.4th 1397, 1406-1409; and People v. Thomas (1997) 56 Cal.App.4th 396, 399-403).

## CONCLUSION

For the foregoing reasons appellant's sentence should be reduced.

Dated: June 22, 2006

Respectfully submitted,

*[signature]*

RICHARD L. RUBIN
Attorney for Appellant
Timothy Hobson