UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOBSON, | No. C 07-5832 SI (pr) |
| Petitioner, | **ORDER RE. APPEAL** |
| v. | |
| ROSANNE CAMPBELL, warden, | |
| Respondent. | |

The court issued an order denying petition for writ of habeas corpus and entered judgment on October 11, 2008. The clerk mailed a copy of the order and judgment to petitioner on that date.

Petitioner has filed a "motion for clarification of court record; request for extension of time to file nunc pro tunc certificate of appealability." In his motion, petitioner states that he never received a copy of the court's order denying petition for writ of habeas corpus and judgment. He requests that the court do three things. First, he asks the court to clarify that it "did not serve petitioner notice of dismissal/denial." Motion, p. 2. That request is denied because the court did send the order and judgment to him on October 11, 2008, regardless of whether he received them.[1]  Second, petitioner requests a 30-day extension of time to file a

---

[1] That the order and judgment were sent to petitioner is evidenced by (1) the entry in the court's record that they were mailed to petitioner using his CDC # and his prison address, and (2) the absence of any docket entry reflecting the return of undelivered mail. Because the motion is rejected on other grounds, the court will accept as true petitioner's statement that he did not receive the order and judgment in 2008. If the motion turned on whether petitioner received the order and judgment in October 2008, the court would require further development of the record because the mail log from October 2008 has no indication that it is the entire mail log for that month, as opposed to just the part that covers the first few days of the month.

notice of appeal and request for certificate of appealability.  That request is denied because it is simply too late.  Normally, an appeal must be taken within thirty days after the entry of judgment. Federal Rule of Appellate Procedure 4(a) is the exclusive avenue for relief from the expiration of the period to file a timely notice of appeal.  <u>See</u> <u>In re Stein</u>, 197 F.3d 421, 426-27 (9th Cir. 2000).   Rule 4(a) is enforced without distinction between counseled and uncounseled cases.  <u>See</u> <u>Clark v. Lavallie</u>, 204 F.3d 1038, 1041 (10th Cir. 2000) (rejecting pro se prisoner's motion filed more than 180 days after entry of judgment).   Rule 4(a)(5) allows for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause.  <u>See</u> Fed. R. App. P. 4(a)(5).  Petitioner cannot obtain an extension under Rule 4(a)(5) because his motion was not filed until more than twelve months after the entry of judgment.  Rule 4(a)(6) allows the district court to reopen the time to file an appeal for a period of 14 days, but only if three conditions are satisfied – one of which is that the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier.  Petitioner cannot have the time to file an appeal reopened because his motion was not filed until more than twelve months after the entry of judgment. Petitioner is not entitled to relief under the rule that is the  exclusive means for relief from the expiration of the time to file a notice of appeal.  Third, petitioner requests that the court file his present "motion <u>nunc pro tunc</u> to October 11, 2008, due to non-service upon petitioner of Notice of dismissal of this action until October 21, 2009." Motion, p. 3.  This request is denied.  As mentioned above, Rule 4(a) is the exclusive means to deal with a failure to timely file a notice of appeal. Petitioner cannot avoid Rule 4(a) by having his motion deemed filed a year before it was actually filed. For the foregoing reasons, the motion is DENIED.  (Docket # 14.)

Notwithstanding the fact that it is too late to obtain any relief from the deadline to file a notice of appeal, this is not the right court to decide that the appeal is untimely.  It is the responsibility of the court of appeals rather than the district court to determine the existence or scope of appellate jurisdiction over an appeal and to dispose of deficient appeals. This court will

liberally construe the motion (docket # 14) to also be a notice of appeal and a request for a certificate of appealability, see 28 U.S.C. § 2253(c); Fed. R. App. P. 3(c), 22(b). The application for a certificate of appealability is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall forward to the court of appeals the case file with this order. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

DATED: November 5, 2009

_____
SUSAN ILLSTON
United States District Judge